UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE MCNEAL #302062, )
         Plaintiff, )
          ) No. 1:20-cv-596
v. )
          ) Honorable Paul L. Maloney
RAYMOND HARGETT, *et al.*, )
         Defendants. )
          )

## OPINION AND ORDER RESOLVING REPORT & RECOMMENDATION AND APPEAL TO DISTRICT JUDGE

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on May 22, 2023 (ECF No. 49). The R&R recommends that the Court grant in part and deny in part Defendant Hargett's motion for summary judgment. Specifically, the R&R recommends that only Plaintiff's First Amendment claim seeking declaratory and injunctive relief proceed. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Both Hargett and Plaintiff filed numerous objections to the R&R (ECF Nos. 50, 52), and they each responded to the other's objections (ECF Nos. 56, 55). Additionally, Plaintiff filed two objections (an appeal) (ECF No. 51) to Judge Green's order denying Plaintiff's motion to stay adjudication of Hargett's motion for summary judgment (ECF No. 48), which was entered the same day as the R&R. This opinion and order resolves the objections to the R&R, the pending R&R, and the objections to the order denying Plaintiff's motion to stay.

A. Objections to Order Denying Motion to Stay

The Court will first turn to Plaintiff's objections to Judge Green's order denying Plaintiff's motion to stay adjudication of Hargett's motion for summary judgment. Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). The clearly erroneous standard applies to factual findings, which may be reversed only if the reviewing court, in light of the entire record, is left with the definite and firm conviction that a mistake has been made. *Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 566 (6th Cir. 2013); *see United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). This standard does not empower a reviewing court to reverse the magistrate judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.*

2

(citation omitted). Because of the broad discretion afforded the magistrate judge, objections to discovery-related orders by a magistrate judge are frequently reviewed under the abuse of discretion standard. Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure § 3069 (2d ed. 2013).

Pursuant to the case management order in this matter, discovery was to be completed by December 5, 2022, and dispositive motions were to be filed by January 3, 2023 (ECF No. 35). Neither party objected to that order nor moved for extensions of time. On December 14, 2022, after discovery had closed, Plaintiff served Hargett with multiple discovery requests (see *Proof of Service*, ECF No. 37). On January 11, 2023, Hargett mailed to Plaintiff responses—in the form of objections—to Plaintiff's untimely discovery requests (ECF No. 40). Meanwhile, Hargett timely filed his motion for summary judgment on January 3, 2023 (ECF No. 38). On January 11, 2023, Plaintiff submitted for mailing the motion to stay the adjudication of Hargett's motion for summary judgment "until receipt of pending & proposed discovery request[s]," which was docketed on January 17 (ECF No. 41). On May 22, 2023, Judge Green denied Plaintiff's motion to stay, reasoning that—despite the fact that the discovery requests were untimely—Hargett had responded to Plaintiff's discovery requests on the same day that Plaintiff submitted his motion to stay (January 11, 2023) (ECF No. 48 at PageID.538). Thus, Judge Green concluded, "Plaintiff submitted the present motion prior to realizing that Defendant had, in fact, responded to his discovery requests" (*Id.*).

Plaintiff now raises two objections to that order: (1) the order made an "erroneous finding" that Plaintiff did indeed receive responses to his discovery requests because Hargett objected to the requests, he did not respond to them; and (2) substantive responses to the

3

discovery requests would have created a genuine issue of material fact (*see* ECF No. 51). The Court will overrule both objections.[1]

First, Judge Green's finding that Hargett did respond to Plaintiff's untimely discovery requests is not "erroneous." Hargett responded, in the form of objections, to Plaintiff's discovery requests on the basis that they were untimely (*see* ECF No. 51-3). Objections are a permitted response under Rules 33(b), 34(b), and 36(a)(5) of the Federal Rules of Civil Procedure, and given that the discovery requests were submitted after the close of discovery, they were plainly untimely. *See Drahuse v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-14117, 2011 WL 4088170, at *2 (E.D. Mich. Sept. 14, 2011) (collecting cases) ("Federal courts have found that discovery must be served upon a party so that the receiving party has enough time to respond, as provided for in the Federal Rules, otherwise, the discovery requests are untimely."). Hargett therefore had no duty to respond to the untimely discovery requests and properly objected to them. *See id.* ("The discovery requests were therefore untimely and Defendant properly objected to the request.").

Second, Plaintiff objects to Judge Green's order because substantive responses to the discovery requests, as Plaintiff contends, would have created a genuine issue of material fact (ECF No. 51 at PageID.577). Whether the discovery requests would have created a genuine

---

[1] Plaintiff also asks the Court to now construe the motion to stay as a motion to modify the case management order (ECF No. 51 at PageID.575). The motion has already been decided and the Court declines to do so. In any event, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Even if Judge Green had construed the motion to stay as a motion to modify a scheduling order, the motion failed to articulate "good cause" as to why discovery should be extended. Plaintiff's declaration attached to the motion simply states that he was unaware when discovery was to be completed (ECF No. 41-2 at PageID.406), but the docket of this case shows that a copy of the case management order was mailed to Plaintiff on August 4, 2022, and it was not returned as undeliverable. Plaintiff's contention that he did not know when discovery would end is undermined by the fact that he received a copy of the case management order. Plaintiff therefore would have failed to show good cause to modify the case management order even if the motion to stay was construed as a motion to modify a scheduling order.

4

dispute of material fact is irrelevant, however, because the requests were untimely and Hargett had no duty to provide substantive responses. In any event, upon the Court's review of the requests, the Court is not convinced that Plaintiff's eleven requests for admission, seven request for production of documents, and fourteen interrogatories, which would have required significant effort to substantively respond to, are proper under Rules 33, 34, and 36. *See Solomon v. Mich. State Police*, No. 1:08-cv-858, 2010 WL 3475730, at *2 (W.D. Mich. Sept. 2, 2010) ("Given that discovery is closed, the court should consider whether plaintiff is entitled to relief in spite of his failure to pursue discovery in a timely manner or to file appropriate motions in this court. Even if the court were to grant plaintiff's motion for an extension of time to serve interrogatories and requests for production, the record reflects that plaintiff has sent out an excessive number of both types of discovery. The court finds no reason to grant plaintiff an extension of time to submit untimely, excessive, oppressive and improper discovery requests.") (internal citation omitted); *see also Ryan v. Gerlach*, No. 1:14-CV-736, 2015 WL 5334305, at *1 (W.D. Mich. Sept. 14, 2015).

Plaintiff's discovery requests were untimely and Hargett had no duty to respond to the untimely requests. Therefore, Judge Green's order denying Plaintiff's motion to stay the adjudication of Hargett's motion for summary judgment pending the receipt of the responses to the discovery requests was not contrary to law. Plaintiff's objections are overruled.

### B. Objections to the R&R

With respect to the R&R, both Plaintiff and Hargett have filed objections. After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

The facts alleged in the amended complaint are as follows (ECF No. 28). Plaintiff, who was incarcerated at the Muskegon Correctional Facility ("MCF") during the time relevant to this lawsuit, is in the process of filing a post-conviction challenge to his criminal convictions in the State of Michigan. Attorney Melissa El-Johnson was voluntarily helping Plaintiff seek new evidence to challenge his conviction. In 2019, El-Johnson obtained some photographs from the crime scene that Plaintiff believes to be exculpatory. The photographs also depicted the deceased victim. El-Johnson mailed the photographs to Plaintiff at MCF, but because the photographs showed the victim of a crime scene, Plaintiff was prohibited from possessing the photographs pursuant to MDOC Policy Directive 05.03.118 ¶ NN.16. Plaintiff contends that Defendant Hargett, who inspected the incoming mail for contraband, "skimmed, reviewed, or analyzed the content of the photographs" and determined that they violated MDOC Policy Directive 05.03.118 ¶ NN.16. After multiple administrative hearings, prison officials determined that Plaintiff was not permitted to possess the photographs. However, in February 2020, Plaintiff retained a lawyer, Craig Daly, to represent him in his

6

post-conviction proceedings. Daly used the photographs to file a motion for relief from judgment, and he also mailed the photographs to Plaintiff at MCF. This time, however, "MDOC officers allowed Plaintiff McNeal to receive and retain the crime scene photos that Hargett had originally confiscated" (ECF No. 28 at PageID.208). Plaintiff then filed this lawsuit, alleging violations of his First, Sixth, and Fourteenth Amendment rights. Although all of Plaintiff's claims were dismissed in a screening opinion, following appellate review, the Sixth Circuit held that Plaintiff had stated a claim for an as-applied challenge to MDOC Policy Directive 05.03.118 ¶ NN.16 (*see* ECF No. 13 at PageID.134-36). Defendant has now moved for summary judgment, and the R&R recommends dismissing Plaintiff's claims except for his First Amendment claim for injunctive and declaratory relief challenging MDOC Policy Directive 05.03.118 ¶ NN.16 as applied to him. Plaintiff and Hargett have both filed numerous objections to the R&R.

The Court has conducted a de novo review of the parties' objections. On review of the evidence, the Court will sustain Hargett's objection #2, requiring the Court to dismiss Plaintiff's claims for injunctive and declaratory relief. The Court will overrule the remainder of the parties' objections. Therefore, because the Court will dismiss the only claim the R&R recommended this Court allow to proceed, the Court will terminate this matter.

1. **Hargett's Objections**

**Objection #1:** Turning first to Hargett's objection #1, Hargett challenges the R&R's qualified immunity analysis (*see* ECF No. 50 at PageID.556). Hargett argues that, in determining that he is entitled to qualified immunity for Plaintiff's claims seeking monetary damages, the R&R concluded that Hargett did not violate Plaintiff's constitutional rights in

7

prohibiting Plaintiff from possessing the photographs. Hargett points to the following language in the R&R:

> The right which Plaintiff alleges was violated here, the right of a prisoner to possess the type of victim and/or crime scene photographs specifically prohibited by the MDOC policy provision quoted above, does not appear to have been recognized by the Supreme Court or any court within the Sixth Circuit. Plaintiff has failed to identify any authority holding that it violates the First Amendment for a state prison to prohibit a prisoner from receiving or possessing the type of photographs presently at issue.

(ECF No. 49 at PageID.546). Based on this language, Hargett objects to the R&R's conclusion that Plaintiff's claim for injunctive/declaratory relief can proceed, arguing that Plaintiff does not have a constitutional right to the property at issue, and if no constitutional right was violated, then he is also not entitled to injunctive or declaratory relief (*see* ECF No. 50 at PageID.558). The Court overrules this objection because, in the qualified immunity analysis, the R&R did not conclude that Plaintiff's constitutional rights were not violated. Rather, it concluded that such a right is not clearly established, entitling Hargett to qualified immunity. Because the two steps in the qualified immunity analysis can be analyzed in any order, *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009), the R&R did not err in addressing the "clearly established" prong first and finding that because the alleged right is not clearly established, Hargett is entitled to qualified immunity. Contrary to Hargett's first objection, the R&R did not find that Plaintiff's constitutional rights were not violated. This objection is therefore overruled.[2]

---

[2] Also in under the first objection, Hargett asserts that it is "unclear what relief this Court can grant Plaintiff," as Plaintiff now has the photographs at issue in his possession, and even if there was a constitutional violation, it is not ongoing (ECF No. 50 at PageID.559). This argument bleeds into Hargett's mootness argument, which is the substance of his objection #2. Thus, the Court will address this argument in the discussion on Hargett's objection #2.

**Objection #2:** Second, Hargett objects to the R&R's cursory rejection of two of his arguments as to why Plaintiff's injunctive/declaratory relief claims cannot proceed (*see* ECF No. 50 at PageID.563). Because the Court finds these two arguments persuasive and the R&R's analysis to be contrary to law, the Court will sustain Hargett's objection #2 and dismiss Plaintiff's First Amendment claims for injunctive and declaratory relief.

In his motion for summary judgment, Hargett raised a mootness argument as to the claim for injunctive relief (*see* ECF No. 39 at PageID.361) ("Plaintiff's rights were not violated and if they were, Plaintiff received possession of the photographs. Without an ongoing constitutional violation, there is no need for injunctive relief."). The R&R rejected this argument partly because it was "insufficiently developed" (ECF No. 49 at PageID.547). Perhaps Hargett's mootness argument could have been more thoroughly detailed, but it is still meritorious. It is undisputed that Plaintiff has now received copies of the photographs, as he acknowledges in his amended complaint (ECF No. 28 at PageID.208) ("Between March and May of 2020, attorney Daly sent legal mail to Plaintiff McNeal that included the crime scene photos in question on two separate occasions. MDOC officers allowed Plaintiff McNeal to receive and retain the crime scene photos that Hargett had originally confiscated."); (*Id.* at PageID.209) ("MCF Legal Affairs Coordinator, David Brazee, instructed Hearing Officer/Prison Counselor Sellers that McNeal could have the photos once he confirmed the case number on them was his . . . Hearing Officer Sellers subsequently ruled that Plaintiff McNeal could receive and possess the crime scene photos in question.").

9

Because Plaintiff has already received the relief he requests, the Court need not issue an injunction, and his claim for injunctive relief is therefore moot.[3] *See Coleman v. Ann Arbor Transp. Auth.*, 947 F. Supp. 777, 784 (E.D. Mich. 2013) (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987); *Ky. Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997)) ("The Supreme Court has explained that there must exist 'a live case or controversy *at the time that a federal court decides the case.*' In the absence of a 'live case or controversy,' the mootness doctrine is triggered, and the constitutional requirements for justiciability cannot be met.") (internal citation omitted). Moreover, even if Hargett violated Plaintiff's First Amendment rights by prohibiting him from possessing the crime scene photographs, there is no longer an "ongoing constitutional violation," which is necessary to obtain an injunction against a state official sued in his official capacity. *See Durham v. McWhorter*, 789 F. App'x 533, 534 (6th Cir. 2020) (citing *Ex parte Young*, 209 U.S. 123, 157-59 (1908)) ("But a plaintiff may seek a prospective injunction against state officials who have 'some connection' to an ongoing constitutional violation."). Plaintiff now has the photographs at issue. Any such request for an injunction requiring Hargett to give Plaintiff the photographs is moot.

The R&R also rejected Hargett's mootness argument because Plaintiff "continues to pursue legal relief related to his criminal conviction[, and] Defendant has presented no evidence to the contrary" (ECF No. 49 at PageID.547). True, Plaintiff, through Attorney Daly, has pursued post-conviction relief. And as evidenced by the motion for relief from judgment filed in the Wayne County Circuit Court, Plaintiff utilized the photographs in pursuing this relief (*see* ECF No. 39-6). However, as the Sixth Circuit already decided in this

---

[3] The claim for injunctive relief is moot as to Plaintiff's claims against Hargett in his individual and official capacities.

case, Plaintiff's access to the courts claim should be dismissed without prejudice (*see* ECF No. 13 at PageID.136-37).[4] The R&R's rejection of Hargett's mootness argument because Plaintiff "continues to pursue legal relief related to his criminal conviction" appears to be relevant to Plaintiff's dismissed access to the courts claim, not his pending First Amendment claim. The injunctive relief requested in Plaintiff's first amended complaint is to issue an injunction "allow[ing] Plaintiff McNeal to receive and possess legal mail containing crime scene photos related to his criminal conviction, including the photos that depict the victim" (ECF No. 28 at PageID.210). He does not request any injunctive relief related to researching or filing documents in pursuit of post-conviction relief. The Court therefore disagrees with the R&R's rejection of Hargett's mootness argument.

Plaintiff argues that his request for injunctive relief is not moot because Hargett might confiscate the photographs in the future (*see* ECF No. 56 at PageID.686). Such an argument is far too speculative for the Court to award injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."); *see also generally City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) (declining to award a citizen, who had been put in a chokehold by a law enforcement officer in the past, an injunction enjoining the use of chokeholds by law enforcement officers in the future because such request was too speculative).

---

[4] To the extent that an order is required, in accordance with the Sixth Circuit's opinion and mandate issued in this matter (ECF Nos. 13, 18), the Court hereby dismisses without prejudice Plaintiff's access to the courts claim.

11

Further, although the R&R does not discuss such a request, Plaintiff also seeks an injunction ordering the MDOC and its agents to "[i]mmediately rescind any MDOC policy, rule, or regulation that prohibits a prisoner from receiving or possessing legal mail containing crime scene photographs that originate from, or are relevant to, his or her conviction, including MDOC Policy Directive 05.03.118(NN)(16)" (*Id.* at PageID.210-11). The Court addresses this request for injunctive relief because it must be dismissed. Plaintiff has sued only Hargett, a corrections officer, not the MDOC. Hargett is not responsible for creating the MDOC's policies; he merely implements them. Because Plaintiff only sued Hargett and not the MDOC, Plaintiff has raised a First Amendment as-applied challenge to the way in which Hargett implemented MDOC Policy Directive 05.03.118 ¶ NN.16, not a challenge to the policy itself. As such, the Court does not have jurisdiction to order the MDOC, a non-party, to rescind its policy directive. *See Swetland v. Curry*, 188 F.2d 841, 843 (6th Cir. 1951) ("No court can make a decree which will bind anyone but a party; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.") (cleaned up).

For all these reasons, Plaintiff's claim for injunctive relief against Hargett must be dismissed as moot and the R&R's conclusion finding otherwise is contrary to law.

That leaves only Plaintiff's claim for declaratory relief. He asks the Court to issue a declaratory judgment stating that, "When [Hargett] skimmed, reviewed, and analyzed the content of the photographs in Plaintiff McNeal's legal mail, and then confiscated and destroyed the legal mail, his actions constituted undue censorship and interferences with

12

confidential attorney client communications, in violation of the United States Constitution's First, Sixth, and Fourteenth Amendments" (ECF No. 28 at PageID.210).[5] Hargett argued that, even if the final decision to prohibit Plaintiff from possessing the photographs violated his constitutional rights, Hargett was not the final decisionmaker and he did not misapply the policy (*see* ECF No. 50 at PageID.564; ECF No. 39 at PageID.353-54). Thus, he cannot be liable for a constitutional violation, and in turn, Plaintiff's request for declaratory relief stating that Hargett violated Plaintiff's constitutional rights cannot be granted. The R&R rejected this argument because "Defendant has identified no authority supporting this position" (ECF No. 49 at PageID.547). Again, though this argument in Hargett's motion for summary judgment is not especially thorough, it is sufficient (*see* ECF No. 39 at PageID.353-54). Hargett followed what he believed to be the terms of MDOC Policy Directive 05.03.118 ¶ NN.16. Because he merely reviewed the incoming mail and believed that Plaintiff could not possess the contents of the mail, he "gave Mr. McNeal a Notice of Intent to Conduct an Administrative Hearing" (*see* ECF No. 28 at PageID.206), leaving the final decision on whether Plaintiff could possess the photographs to other MDOC officials. After multiple administrative proceedings, the Warden of the facility and the Office of Legal Affairs Grievance Section denied Plaintiff's appeals of his prohibition on possessing the photographs and determined that possession of the photographs would have violated MDOC Policy Directive 05.03.118 ¶ NN.16. As such, Plaintiff's complaint lies with MDOC officials higher up than Hargett. The Court finds that granting declaratory relief stating that Hargett violated

---

[5] Plaintiff also seeks a declaration stating that MDOC Policy Directive 05.03.118 ¶ NN.16 is unconstitutional (ECF No. 28 at PageID.210). For the same reasons that the Court cannot grant Plaintiff's injunctive relief request related to the policy itself, the Court also does not have jurisdiction to issue such a declaration.

13

Plaintiff's constitutional rights would be inappropriate. Therefore, the Court also rejects the R&R with respect to its determination that Plaintiff's claim for declaratory relief can proceed, as such a recommendation is contrary to law.

The Court will therefore sustain Hargett's objection #2 and dismiss Plaintiff's claims for injunctive and declaratory relief. The first and second full paragraphs on page 8 of the R&R (PageID.547) are rejected by the Court.

**Objection #3:** Third, Hargett argues that the R&R misapplied the *Turner*[6] factors and applied an incorrect burden in analyzing whether MDOC Policy Directive 05.03.118 ¶ NN.16, as applied to Plaintiff, violated his constitutional rights (*see* ECF No. 50 at PageID.565). But because the Court will dismiss Plaintiff's claims for injunctive and declaratory relief for the reasons articulated above and no claims will otherwise remain, the Court need not determine whether the R&R conducted a proper *Turner* analysis in this case. The Court declines to analyze the merits of this objection.

## 2. Plaintiff's Objections

Plaintiff also raises seven objections to the R&R. Upon a de novo review, the Court will overrule all of Plaintiff's objections.

**Objection #1:** Plaintiff first objects because, when summarizing the factual allegations, the R&R referenced the allegations in the original complaint, not the amended complaint (*see* ECF No. 52 at PageID.611). However, the R&R noted that the operative amended complaint contains "the same general factual allegations identified above," and proceeded to

---

[6] *Turner v. Safley*, 482 U.S. 78 (1987).

14

analyze Plaintiff's claims raised in the amended complaint (*see* ECF No. 49 at PageID.541). The Court overrules Plaintiff's first objection.

**Objection #2:** Second, Plaintiff objects to the R&R's "finding that the only claims remaining are Plaintiff's allegations that Defendant Hargett's application of MDOC PD 05.03.118 ¶ NN violated his constitutional rights" (ECF No. 52 at PageID.612). Plaintiff does not elaborate further, and it is unclear what other claims Plaintiff believes he has raised. Pursuant to his amended complaint, Plaintiff has raised an as-applied challenge to MDOC Policy Directive 05.03.118 ¶ NN.16 under the First, Sixth, and Fourteenth Amendments (*see* ECF No. 28 at PageID.209-10), and the R&R addresses each one of those claims. This objection is insufficiently developed and is also overruled.

**Objection #3:** Third, Plaintiff disagrees with the R&R's conclusion that his Sixth Amendment claim must be dismissed, given that Plaintiff has no right to counsel when pursuing post-conviction relief (*see* ECF No. 52 at PageID.612). Plaintiff essentially argues that he has a right to confidential communication with counsel. However, such a right is not guaranteed by the Sixth Amendment for *civil* proceedings. As Hargett points out,

> [the Sixth Amendment] gives Plaintiff the right to a speedy trial, an impartial jury, the right to know the nature of the cause against him, the right to confront witnesses, and the right to counsel for his defense. Plaintiff has already been convicted and, thus, this constitutional right does not apply to the particular facts of this civil case, as he is no longer being prosecuted.

(ECF No. 39 at PageID.342) (internal citation omitted). In other words, the Sixth Amendment does not apply to the allegations in Plaintiff's civil complaint. This objection is also overruled.

15

**Objection #4:** Fourth, Plaintiff objects because the R&R only analyzed Paragraph NN of MDOC Policy Directive 05.03.118, not paragraph JJ (*see* ECF No. 52 at PageID.613). Paragraph JJ provides,

> Incoming mail receiving special handling shall be opened and inspected for money, controlled substances, and other physical contraband in the prisoner's presence. The content of the mail shall not be read or skimmed. All physical contraband shall be confiscated prior to delivery to the prisoner. Mail opened in the prisoner's presence that clearly does not qualify for special handling or contains contraband shall be returned to the mailroom for processing in accordance with this policy.

MDOC Policy Directive 05.03.118 ¶ JJ. In his amended complaint, Plaintiff asserts that Hargett violated Paragraph JJ by reading or skimming the content of his mail without Plaintiff being present (ECF No. 28 at PageID.205-06). The R&R only referenced Paragraph NN in determining whether Plaintiff's First Amendment rights had been violated pursuant to Paragraph NN, and it did not analyze JJ. However, Plaintiff has not raised a proper constitutional claim via 42 U.S.C. § 1983 to Paragraph JJ. Plaintiff merely alleges that Hargett violated Paragraph JJ, not that his constitutional rights have been violated through Hargett's enforcement of Paragraph JJ (*see* ECF No. 28 at PageID.205-06). Violations of a state prison policy do not give rise to a constitutional violation. *See Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *see also Wilcox v. Lancour*, No. 2:20-cv-183, 2021 WL 230113, at *5 (W.D. Mich. Jan. 22, 2021) ("Section 1983 is addressed to remedying violations of federal law, not state law. Thus, alleged violations of prison policy governing . . . rights to deny medical services do not state a cognizable § 1983 claim.") (internal citations omitted). Therefore, Plaintiff's fourth objection is overruled.

16

**Objection #5:** Fifth, Plaintiff objects to the R&R's qualified immunity analysis, arguing that the alleged right violated—possessing victim/crime scene photos in prison—is clearly established (*see* ECF No. 52 at PageID.614). Plaintiff asserts that "the R&R contains no authority to support that conclusion" (*Id.*). But that is exactly why qualified immunity is proper here—there is no Sixth Circuit or Supreme Court authority clearly establishing the right that Plaintiff claims Hargett violated. Plaintiff relies on cases discussing attorney-client communication, but he has failed to meet his burden in identifying case law "so clearly established at the time of the conduct 'that every reasonable official would have understood that what he [was] doing violate[d] that right [to possess photographs of victims and crime scenes in prison].'" *T.S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). There simply is no case law that defines the right that Plaintiff claims was violated, and Plaintiff's fifth objection must be overruled.

**Objection #6:** Sixth, like his fifth objection, Plaintiff vaguely challenges the R&R's "recommendation that Defendant is entitled to qualified immunity in his personal capacity for monetary damages" (ECF No. 52 at PageID.617). For the same reasons, the Court finds that the R&R appropriately found that Hargett is entitled to qualified immunity. In any event, this objection is not sufficiently developed and merely states a disagreement with the Magistrate Judge's conclusion, which is not a proper, specific objection within the meaning of Fed. R. Civ. P. 72(b)(2). *See Brown*, 2017 WL 4712064, at *2. This objection is overruled.

**Objection #7:** Finally, Plaintiff objects to the R&R's recommendation to dismiss all claims against the unidentified John Does (*see* ECF No. 52 at PageID.617). The R&R recommends dismissing the unidentified number of John Does from Plaintiff's amended

17

complaint because Plaintiff failed to raise any factual allegations regarding these individuals (*see* ECF No. 49 at PageID.554). Plaintiff argues that such a recommendation is improper because he will not know the John Does' names and how they fit into the facts of his complaint "until Plaintiff has had a fair and full opportunity for discovery" (ECF No. 52 at PageID.617). But Plaintiff already had a "fair and full opportunity for discovery" (*see Case Management Order*, ECF No. 35). His complaint fails to contain sufficient allegations to raise claims against the John Doe defendants, and such claims must be dismissed. Therefore, this objection is also overruled.

In accordance with this opinion,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the order denying his motion to stay (ECF No. 51) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS in part** and **REJECTS in part** the Report and Recommendation (ECF No. 49). The Court rejects the first and second full paragraphs on page 8 (PageID.547) of the R&R and adopts the remainder of the R&R as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Hargett's motion for summary judgment (ECF No. 38) is **GRANTED in part,** and this matter shall be **TERMINATED.**

Judgment to follow.

**IT IS SO ORDERED.**

Date:  July 3, 2023                       /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge